## RANDLE et al. v. ABEEL.

### (Circuit Court of Appeals, Fifth Circuit. May 31, 1898.)

### No. 665.

RAILROADS—REGULATION BY STATE COMMISSIONERS—REFUNDING OF CHARGES·
A provision in an order made by the railroad commissioners of Texas, whereby a certain railroad company "is authorized to refund its own and the charges of" a certain other company, under the condition prescribed by the regulations in force, *held* to be merely permissive, and not to give an absolute right to have such charges refunded.

Appeal from the Circuit Court of the United States for the Eastern District of Texas.

This is an appeal by G. H. Randle, a resident citizen of McLennan county, Tex.; George H. McFadden, a resident citizen of the city of Philadelphia, in the state of Pennsylvania; John H. McFadden, a resident citizen of Liverpool, England; and J. Frank McFadden, of said city of Philadelphia and the state of Pennsylvania,—from a final decree of the circuit court of the United States for the Eastern district of Texas, at Galveston, wherein the said appellants were interveners, against Alfred Abeel, receiver of the Waco & Northwestern Railroad. In appellants' petition in intervention they allege and set up that on August 11, 1894, the railroad commission of Texas, under and by virtue of the laws of the state of Texas, adopted, fixed, and established a schedule of rates for local and joint application on cotton in bales from and to all points in the state of Texas, known and called "Commodity Tariff No. 1," substantially as follows:

"To apply between stations east, north, and west of and including Houston:
"Distance. Rates.
* * * * * *
Over 125 miles. 59"

"Fourth. The rates from points east, north, and west of Houston to Galveston * * * shall be made by adding 6 cents per 100 pounds to the rates from the same points to Houston."
—Whereby the rate so fixed was 65 cents per 100 pounds from any and all points on said Waco & Northwestern Division and said Texas Central Railroad to Galveston, Tex.; and on said day, by said tariff, said commission made and established among others, the following rules and regulations: "Fifth. For the purpose of concentration, cotton may be shipped at full tariff rates to compress stations, distant from all points on the Gulf coast 100 miles or more of railroad mileage, with the following adjustment of freight charges before and after such concentration, provided that there shall be no compress in operation at original shipping point, or at a station intermediate between such point and the point at which it is desired to concentrate: (1) Each railroad company shall refund only its own charges for the service of concentration. (2) The entire charge for concentration shall be refunded when the point of concentration is directly intermediate between shipping point and final destination, as reached by the line on which such cotton originates, and the rates from original shipping points and concentrating point to such destination are the same,"—which said schedule of rates, and which said rules and regulations, went into effect on September 1, 1894, and have continuously since then remained in effect and force. That afterwards, on September 18, 1894, upon the joint application of said Alfred Abeel, receiver, by his general freight agent, J. E. W. Fields, and the Texas Central Railroad Company, by its chief clerk in the traffic department, W.

F. McMillin, the said commodity tariff and the said rules and regulations were amended substantially as follows: "(1) On cotton in bales between Oliver station and Alexander to Waco, the rate shall be 40 cents per 100 pounds. (2) Said roads [Waco & Northwestern Division and Texas Central Railroad] are exempted from the operation of section 1, fifth paragraph, of rules and regulations governing the concentration of cotton; and the Waco & Northwestern is authorized to refund its own and the charges of the Texas Central Railroad, under the terms and conditions prescribed in said sections 2 and 3 of paragraph 5 of rules and regulations of commodity tariff No. 1. On all through business originating north of Oliver station, the mileage rates prescribed in commodity tariff No. 1 shall apply,"—which said amendment went into effect on September 21, 1894, and has continuously since then been in effect and operation.

The interveners, as shippers of cotton, claim a right under these regulations to have the charges for concentration refunded to them, and by their petition seek to recover from the receiver the sum $7,363.85, being the balance of a much larger sum, part of which had in fact been paid. The cause was referred to a master, who, after hearing the evidence, made an elaborate report, recommending the disallowance of the entire sum as to the intervener, G. H. Randle, but finding that the firm of George H. McFadden & Bro. were entitled to recover the sum of $48.30, with interest. Exceptions to the report were overruled by the court, and a decree entered pursuant to the master's recommendations. From this decree the present appeal was taken.

A. C. Prendergast, for appellants.

A. P. McCormick, Geo. Clark, and D. C. Bolinger, for appellee.

Before PARDEE, Circuit Judge, and SWAYNE and PARLANGE, District Judges.

PER CURIAM. The master's report is very elaborate in findings of fact and conclusions of law regarding the intervention of Randle and others. The master specifically finds as follows:

"I find that the special permission given by the railroad commission to the Waco & Northwestern Railroad, upon the joint application of said railroad and the Texas Central Railroad, to refund, in addition to its own, also the charges of the Texas Central Railroad, was not mandatory, but simply permissive, and did not require said Waco & Northwestern to refund the whole of the concentration charges of said two railroads."

This finding is correct, and disposes of the present appeal, rendering it unnecessary to consider other questions raised in the case. The decree appealed from is affirmed.